```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                     CORPUS CHRISTI DIVISION
```

UNITED STATES OF AMERICA,     §
                              §
                              §
vs.                           §     Criminal No. C-05-542
                              §
DEVLIN DEMON MOORE and        §
MONICA COLEMAN,               §
                              §

## ORDER

On December 20, 2005, the Court conducted a hearing to consider Defendant Monica Coleman's "Motion to Suppress Evidence and Statements" (d.e. 66) and Defendant Devlin Moore's "Motion to Suppress and Motion to Quash Count II of the Indictment" (d.e. 46, 47). This Order memorializes the findings and rulings made by the Court at the hearing:

1. The Court finds that Louisiana Revised Statute § 32:73.1 is not unconstitutionally vague. The statute prohibits "rolling roadblocks," which are defined as: a "vehicle which remains in the passing lane of a multiple-lane highway . . . traveling at the same speed as the vehicle in the right lane and impedes the flow of traffic." Id. at §(B). The Court finds that this statute "define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." See, e.g., United States. v. Monroe, 178 F.3d 304, 308 (5th Cir. 1999); Kolender v. Lawson, 461 U.S. 352, 357 (1983). Therefore, Defendants'

motions to suppress on this ground are DENIED.

2. Moreover, the Court finds that, even if the statute were unconstitutionally vague, suppression is inappropriate. The Fifth Circuit has held that suppression is not warranted where an officer relies in good faith on a statute in making a <u>Terry</u> stop, even if that statute is later found to be unconstitutional. <u>See</u>, <u>e.g.</u>, <u>United States v. Landry</u>, 903 F.2d 334, 339 (5th Cir. 1990) (stating that "evidence seized pursuant to . . . an officer's good faith reliance on a city ordinance not yet declared unconstitutional, is valid regardless of the subsequent judicial determination of its unconstitutionality"); <u>see also</u> <u>Michigan v. DeFillippo</u>, 443 U.S. 31 (1979); <u>United States v. Williams</u>, 622 F.2d 830, 840 (5th Cir. 1980). Because the Court finds that the Louisiana State Trooper relied in good faith on La. Rev. Stat. § 32:73.1(B) in stopping the Defendants, suppression of the evidence obtained as a result of that stop is inappropriate.

3. Defendants also contend that suppression is required because they did not consent to the April 28, 2005, search of their vehicle. The Court finds, however, that both Defendant Coleman and Defendant Moore voluntarily consented to the search of the vehicle by the Louisiana State Trooper. Therefore, Defendants' motions to suppress on this ground are DENIED.

4. Defendant Moore's motion also sought suppression of evidence

obtained from his cellular telephone during his October 5, 2004 arrest.  At the suppression hearing, the Government agreed not to present any evidence obtained from the cellular telephone during the arrest in its case in chief.  Defendant Moore's motion is therefore MOOT.  Accordingly, the Court hereby STRIKES Paragraph 7 of Overt Acts in the Superseding Indictment which provides "On or about October 5, 2004, Delvin Demon Moore was in possession of a cellular phone in which Tamiko Nannette Patton's cellular phone number was stored."

SIGNED and ENTERED on the 29th day of December, 2005.

_____
Janis Graham Jack
United States District Judge