IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | Criminal Action |
| v. | § § | No. C-05-542 |
| DELVIN DEMON MOORE | § |  |

### ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL

On this day came on to be considered Defendant Delvin Moore's motion for a new trial "in light of new evidence" (D.E. 404). For the reasons set forth below, Defendant's motion is hereby DENIED.

A motion for a new trial is governed by Federal Rule of Criminal Procedure 33, which states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment." Fed. R. Crim. P. 33(a).

In this case, a trial did not take place. On October 30, 2006, the Defendant pleaded guilty to Count I of the Fourth Superseding Indictment in the case (D.E. 340). This Court sentenced the Defendant on June 22, 2007 (D.E. 399, 402).

Federal Rule of Criminal Procedure 33 only applies where the Defendant had a *trial*. Rule 33 does *not* apply where the Defendant entered a plea of guilty or nolo contendere. As the First Circuit explained:

> By its express terms, Rule 33 is confined to those situations in which a trial has been had. In the court below, appellant *admitted* his guilt, abjuring a trial.

> A defendant who enters a guilty plea cannot thereafter use Rule 33 as a wedge to undo his acknowledgment that he committed the offense.

United States v. Graciani, 61 F.3d 70, 78 (1st Cir. 1995); see also United States v. Prince, 533 F.2d 205, 208 (5th Cir. 1976) (holding that Rule 33 is not applicable when the defendant previously entered a plea of nolo contendere); Williams v. United States, 290 F.2d 217, 218 (5th Cir. 1961) ("A motion for new trial, F. R. Crim. P. 33, would not be the way of raising the question of the validity of the plea of guilty").  Therefore, because a trial did not take place and the Defendant entered a plea of guilty, Rule 33 does not apply and Defendant may not seek a "new trial" in this case.

In this case, it appears that the Defendant actually seeks to withdraw his guilty plea, so that he can proceed to trial.[1] Withdrawal of guilty pleas is governed by Federal Rule of Criminal Procedure 11(d) and (e).  Rule 11(d) provides that a defendant may withdraw a plea of guilty *before sentencing* if he shows any "fair and just" reason for the withdrawal.  Fed. R. Crim. P. 11(d); United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003).  After sentencing, however, the standard changes.  In particular, Rule 11(e) provides as follows:

> (e) Finality of a Guilty or Nolo Contendere Plea.  ***After the court imposes sentence, the defendant may not withdraw a plea of guilty*** or nolo contendere, and the plea may be

---

[1] The Defendant has filed several unmeritorious motions to withdraw his guilty plea in this case, all of which were rejected by this Court (D.E. 347, 375, 391).

set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e) (emphasis added). This rule, which was adopted in 2002, "is a new provision . . . that addresses the finality of a guilty or nolo contendere plea after the court imposes sentence. The provision makes it clear that it is not possible for a defendant to withdraw a plea after sentence is imposed." Fed. R. Crim. P. 11(e) 2002 Amendment Comments; see also McClure v. Ashcroft, 335 F.3d 404, 413 (5th Cir. 2003) (stating that Rule 11(e) "reinforces the finality of accepted guilty pleas and makes it clear that it is not possible for a defendant to withdraw a plea after sentence is imposed").[2] Since the adoption of Rule 11(e), the Fifth Circuit has held that a "post-sentencing motion to withdraw [a Defendant's] guilty plea [is] unauthorized

---

[2] Prior to the adoption of Rule 11(e), the Fifth Circuit had taken the position that guilty pleas *could* be withdrawn after sentence, but that the Defendant had to meet a much more stringent standard to justify withdrawal. As the Fifth Circuit explained:

> Prior to sentencing, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason. But the standard for withdrawal of a guilty plea after sentencing is considerably more stringent. A defendant seeking to withdraw a plea of guilty at the post-sentencing stage is obligated to show a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the demands of fair procedure.

United States v. Glinsey, 209 F.3d 386, 397 (5th Cir. 2000) (citing United States v. Hoskins, 910 F.2d 309, 311 (5th Cir. 1990); Hill v. United States, 368 U.S. 424, 428 (1962)).

and without jurisdictional basis." United States v. Vasquez, No. 04-50351, 121 Fed.Appx. 17, 18, 2004 WL 2980066 at *1 (5th Cir. Dec. 17, 2004) (unpublished) (citing United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982)).

Accordingly, based on the above, Defendant may not seek a "new trial" under Rule 33, nor may Defendant seek to withdraw his guilty plea following sentencing, under Rule 11(e). Therefore, Defendant's motion for a new trial is hereby DENIED.

SIGNED and ENTERED this 6th day of July, 2007.

_____
Janis Graham Jack
United States District Judge