IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff/Respondent, § | |
| v. § | Cr. No. C-05-542 |
| § | |
| DELVIN DEMON MOORE, § | |
| § | |
| Defendant/Movant. § | |

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR "2255 FEDERAL POST CONVICTION RELIEF"**

Defendant Delvin Demon Moore ("Moore") pleaded guilty pursuant to a written plea agreement with the government (D.E. 339, 340) and was sentenced by this Court on June 22, 2007. (D.E. 399.) Final judgment was entered on June 29, 2007. (D.E. 402.) Moore filed a *pro se* motion for new trial, which the Court denied. (D.E. 404, 411.) He also filed a timely notice of appeal. (D.E. 406.) The Court appointed Moore's sentencing counsel, John Gilmore, to represent Moore on appeal. His appeal remains pending before that Court. See generally docket sheet in United States v. Moore, No. 07-40661 (5th Cir.). Indeed, Moore's appellate brief is not even due until October 22, 2007. (See id. (docket entry dated September 10, 2007).)

On June 15, 2007, the Clerk of this Court received from Moore a one-page motion titled as a "2255 Federal Post Conviction Relief Motion." (D.E. 475.) In it, Moore claims that his retained attorney during his rearraignment, Mark E. Sossi, engaged in unspecified "willful deceit" that caused him to plead guilty. He also claims that he was mentally incompetent at the time of his plea "due to being tormented, tortured and harassed into pleading guilty." (D.E. 475 at 1.) He further claims that

the government engaged in unspecified "outrageous" conduct. He asks that the Court overturn his conviction and grant him a "fair and just trial." (D.E. 475 at 1.)

As an initial matter, although he references "2255" in his motion and although the relief he seeks would typically be available through a motion pursuant to 28 U.S.C. § 2255,[1] it is not clear that Moore intended to file a motion pursuant to § 2255. Particularly in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375, 383 (2003), the Court declines to construe Moore's motion as a § 2255 motion. Cf. Castro, 540 U.S. at 383 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions).[2]

More significantly for purposes of Moore's pending motion, however, is that even if the Court were to construe it as a § 2255 motion, the Court cannot address such a motion while his direct criminal appeal is pending. As the Fifth Circuit noted in Welsh v. United States: "A motion to vacate under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, in as much as the disposition of the appeal may render the motion moot." 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988). Similarly, the outcome of Moore's appeal may moot some or all of the grounds raised in his motion.

---

[1] The Court reaches no conclusions herein on the availability of § 2255 to Moore, although it notes that his written plea agreement contains a waiver of § 2255 rights. (See D.E. 340 at ¶ 7.)

[2] Moore also mistakenly seems to believe that the deadline for filing any § 2255 motion is near. In particular, he states that he wants to "keep [his] appeal and post conviction rights going." (D.E. 475 at 2.) As previously noted by the Court, Moore's appeal remains pending before the Fifth Circuit. Thus, his conviction is not yet final, and the start of his one-year deadline for filing a § 2255 motion has not yet been triggered. See 28 U.S.C. § 2255, ¶ 6(1).

For the foregoing reasons, Moore's motion for post-conviction relief (D.E. 475) is DENIED WITHOUT PREJUDICE.

It is so ORDERED this 17th day of October, 2007.

                                                Janis Graham Jack
                                                United States District Judge