IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff/Respondent, § | |
| v. § | Cr. No. C-05-542 (1) |
| § | |
| DELVIN DEMON MOORE, § | |
| § | |
| Defendant/Movant. § | |

**ORDER DENYING WITHOUT
PREJUDICE MOTION FOR TRANSCRIPTS**

Defendant Delvin Demon Moore ("Moore") pleaded guilty pursuant to a written plea agreement with the government (D.E. 339, 340) and was sentenced by this Court on June 22, 2007. (D.E. 399.) Final judgment was entered on June 29, 2007. (D.E. 402.) Moore filed a *pro se* motion for new trial, which the Court denied. (D.E. 404, 411.) He also filed a timely notice of appeal. (D.E. 406.) The Court appointed Moore's sentencing counsel, John Gilmore, to represent Moore on appeal. His appeal remains pending before that Court. See generally docket sheet in United States v. Moore, No. 07-40661 (5th Cir.). Although the briefing in the case is complete, the Fifth Circuit has not yet issued its opinion in the case. (See id.)

Moore previously filed a motion titled as a motion pursuant to 28 U.S.C. § 2255 while his appeal was pending, which the Court declined to construe Moore's motion as a § 2255 motion. (D.E. 477 at 2.) The Court also noted that, even if it were construed as a § 2255 motion, the Court could not address such a motion while his direct criminal appeal was pending. (D.E. 477 at 2 (citing Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988)).)

On April 17, 2008, the Clerk received yet another pro se motion from Moore. In this one, he requests transcripts at government expense, so that he may be able to present post-conviction claims to this Court and the Supreme Court. (D.E. 486.) He states that he contacted his appellate counsel to obtain copies of the transcripts but has not yet received a response. As previously noted, Moore's appeal remains pending. He is represented by able counsel, John Gilmore, who has already filed a brief and record excerpts on Moore's behalf. The record excerpts include portions of Moore's transcripts. Thus, his appointed appellate counsel should have copies of Moore's transcripts, and can provide Moore with copies. Accordingly, Moore's motion for transcripts (D.E. 486) is DENIED WITHOUT PREJUDICE to his ability to seek those transcripts again from his counsel. If he continues to be unable to obtain copies of the transcripts from counsel, he may contact the Court again to request them.

For the foregoing reasons, Moore's motion for transcripts at government expense (D.E. 486) is DENIED WITHOUT PREJUDICE. Additionally, the Clerk shall mail copies of this Order to counsel for the United States and to Moore's counsel, John Gilmore, as well as directly to Moore.

It is so ORDERED this 18th day of April, 2008.

_____
Janis Graham Jack
United States District Judge