# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| v. | § | Cr. No. C-05-542 (1) |
| | § | |
| DELVIN DEMON MOORE, | § | |
| | § | |
| Defendant/Movant. | § | |

## ORDER DENYING MOTION FOR TRANSCRIPTS

Pending before the Court is a motion from Defendant Delvin Demon Moore ("Moore"), received by the Clerk on May 20, 2008. (D.E. 493.) In it, Moore requests that he be given transcripts or recordings of all of his court proceedings in his criminal case. He explains that the transcripts are needed in order for him to file a motion pursuant to 28 U.S.C. § 2255. (D.E. 493 at 1.)

Assuming that Moore could establish that he is indigent,[1] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

Moore was sentenced by this Court on June 22, 2007. (D.E. 399.) Final judgment was entered on June 29, 2007. (D.E. 402.) Moore filed a *pro se* motion for new trial, which the Court denied. (D.E. 404, 411.) Moore timely appealed and the Fifth Circuit affirmed his conviction and sentence in a per curiam opinion issued April 28, 2008. (D.E. 494.)

---

[1] Moore has not yet submitted an affidavit of indigency, nor any financial information concerning his prison account or his financial condition. Because the Court resolves his motion on other grounds, it is not necessary to make a determination at this time as to whether Moore is, in fact, indigent.

1

Moore now seeks transcripts, but he has no pending suit before the Court and has not yet filed a motion pursuant to § 2255. Accordingly, he fails to meet the statutory requirements for free transcripts. 28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent."). Thus, Moore's motion for transcripts at government expense is DENIED WITHOUT PREJUDICE. In the event that he files a § 2255 motion, he may then request again copies of specific documents or transcripts.

If Moore is interested in receiving specific transcripts or documents at his own expense, he may contact the Clerk to request them. To that end, the Clerk is directed to provide Moore with a copy of the docket sheet in his case, as well as instructions as to how to order transcripts or to purchase copies of records.

Finally, the Court also notes that, contrary to his assertion, Moore is not precluded from filing a § 2255 motion merely because he does not have transcripts from his case. Indeed, § 2255 motions are frequently filed without the benefit of transcripts.

It is so ORDERED this 27th day of May, 2008.

_____
Janis Graham Jack
United States District Judge