IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-05-542 |
| | § | C.A. No. C-08-202 |
| DELVIN DEMON MOORE, | § | |
|     Defendant/Movant. | § | |

**ORDER DENYING REQUEST FOR COUNSEL
AND ORDER GRANTING MOTION TO CLARIFY**

On October 20, 2008, the Clerk received a document from Movant titled as a "Motion to Clarify." (D.E. 533.) in it, he states that he received two motions for extension from the Untied States and asks about whether they were both granted and also about the status of his § 2255 motion. His motion also appears to be asking for the appointment of counsel. (D.E. 533 at 1 ("Defendant/Movant ... still needs assistance of attorney for this Complex Case for Justice.").)

To the extent that Moore is asking for the appointment of counsel, his motion is DENIED. There is no constitutional right to counsel in § 2255 proceedings. See United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted). There are certain situations in the course of § 2255 proceedings in which the Court is required to appoint counsel. See, e.g., RULES GOVERNING § 2255 PROCEEDINGS 8(c) (2008) (requiring that counsel be appointed upon determination that an evidentiary hearing is required); id at Rule 6(a) (court must assign counsel to financially eligible defendants "[i]f necessary for effective discovery").

At this time, there is no need for Moore to be represented by counsel. In the event that the

Court orders an evidentiary hearing, or discovery warranting the appointment of counsel is required, the Court will *sua sponte* appoint counsel to assist Moore. His request for counsel is therefore DENIED WITHOUT PREJUDICE.

As to his request for clarification concerning the deadlines in this case, the Clerk is directed to send a copy of the docket sheet in Moore's criminal case to him. As reflected thereon, the United States filed a motion for extension of time on August 20, 2008, which the Court granted. (D.E. 511, 512.) On September 18, 2008, the United States filed another motion for extension of time to respond, and then it erroneously filed the same motion again on September 23, 2008. (D.E. 530, 531.) By Order entered September 23, 2008, the Court granted the September 18, 2008 motion. The second (D.E. 531) is a duplicate entry and has been terminated as moot.

Per the Court's September 23, 2008 order, the United States "shall file its response not later than October 24, 2008. Defendant shall file any reply not later than 30 days after service of the response." (D.E. 530 at 1.)

It is so ORDERED this 21st day of October, 2008.

_____
Janis Graham Jack
United States District Judge