IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-05-542 |
| | § | C.A. No. C-08-202 |
| DELVIN DEMON MOORE, | § | |
|     Defendant/Movant. | § | |

**ORDER GRANTING MOTION FOR CLARIFICATION
AND ORDER DENYING WITHOUT PREJUDICE
MOTION FOR APPOINTMENT OF COUNSEL**

On December 29, 2008, the Clerk received from Movant Delvin Demon Moore ("Moore") two documents. The first is a "Motion for Clarification," in which Moore requests a "written opinion" as to why his § 2255 motion was denied or dismissed. (D.E. 546.) The second is a notice of appeal from the alleged denial of his § 2255 motion (D.E. 547), which also includes a motion seeking the appointment of counsel on appeal.

These documents bear a signature date of December 3, 2008, so the Court presumes that Moore had not yet received the Court's December 22, 2008 Order at the time he mailed them. (See D.E. 544.) As was made clear in that Order, Moore's § 2255 motion remains pending before this Court. It has not been dismissed. Moore's reply, if any, is due not later than Friday, January 16, 2008. (See D.E. 544 at 2.)

Accordingly, Moore's motion for clarification is GRANTED and the information he seeks is set forth above and in the Court's December 22, 2008 Order. The fact that his § 2255 motion remains pending has now been made abundantly clear to him.

To the extent Moore seeks to appeal from any denial of his § 2255 motion, his Notice of Appeal is premature. A premature notice of appeal generally does not confer jurisdiction on the

appellate court. United States v. Cooper, 135 F.3d 960, 961 (5th Cir. 1998); United States v. Vasquez, 121 Fed. Appx. 17, 2004 WL 2980066 (5th Cir. Dec. 17, 2004) (unpublished) ("Although a notice of appeal filed before the entry of an order may be treated as filed on the date of and after the entry of the order, this treatment can be given only when the court has announced its decision and the notice of appeal is filed thereafter."); Reyes v. Johnson, 122 Fed. Appx. 697, 2004 WL 2755879 (5th Cir. Dec. 2, 2004) (unpublished) (dismissing appeal because "[appellant's] premature notice of appeal was ineffective to invoke the jurisdiction of this court" and relying on Cooper).

Unless Moore files a timely notice of appeal from the Court's future order addressing his § 2255 motion (as opposed to his premature notice of appeal), the Fifth Circuit will not have jurisdiction over his appeal. While this Court cannot dismiss his appeal, this Court will not appoint counsel to pursue a premature and frivolous appeal. Accordingly, Moore's motion for appointment of counsel on appeal (D.E. 548) is DENIED WITHOUT PREJUDICE.

It is so ORDERED this 7th day of January, 2009.

_____
Janis Graham Jack
United States District Judge